## BENTLEY *v.* LILL.

### (April Term, 1864.)

WRITTEN ARGUMENTS — *when allowed.* Although a cause may be argued orally on the part of the plaintiff in error, upon the regular call of the docket, the defendant in error omitting to do so, yet the latter may, as of course, file a written argument.

ON the regular call of the docket, this cause was argued orally on behalf of the plaintiff in error only. Subsequently counsel for the defendant in error asked leave to submit the cause on his part, upon written argument.

Per CURIAM: The cause has been argued on the part of the plaintiff, on the regular call of the docket, but the counsel for the defendant can still, as a matter of course, file his written argument, if he desires to do so.

## GILLESPIE *v.* ROUT.

### (January Term, 1866.)

PRINTED BRIEFS must be filed, even though there be a printed argument, unless the points are clearly and separately set down in the argument, with the authorities in support thereof immediately following.

Mr. McCLURE, on behalf of the defendant in error, said he desired to submit this case for decision upon written or printed argument, without filing a printed brief.

Per CURIAM: We cannot dispense with a printed brief of the points and authorities relied upon. Even a *printed* argument will not meet the rule in that regard, unless the counsel shall set down in the argument a clear, distinct statement of the points designed to be elaborated in the argument, with the authorities in support thereof immediately following.