## Marian Hooper v. Mary Dawson McCaffery et al.

1. APPELLATE COURT PRACTICE—*Failure to File Briefs.*—For a disregard of Rule 20 requiring printed briefs in all cases, the court orders that unless the plaintiff in error print and file a brief as required by the rule, within twenty days, the writ of error be dismissed.

**Error,** to the Circuit Court of Cook County. Heard in the Branch Appellate Court of the First District at the October term, 1897. Dismissed unless, etc. Opinion filed June 2, 1898.

EDWIN WALKER, E. J. FARBER and PILLSBURY & ADAMS, attorneys for plaintiff in error.

E. H. GARY, attorney for defendants in error.

PER CURIAM.

The published rules of this court require that briefs shall be filed in all causes here, and that they shall "contain a short, clear statement of the points and authorities in support thereof."

There has been in this record a disregard by the plaintiff in error of the requirement of the rule in that behalf, and what was said in Anonymous, 40 Ill. 59, might properly be applied. "Had this been an appeal, or had a supersedeas been granted, we should have dismissed the cause, on account of the neglect on the part of the counsel for the plaintiff in error to comply with the rules of this court in regard to the preparation of the cause for a hearing."

The case is one of great importance, and demands of counsel that they set down a clear and distinct statement of the points upon which they rely, with the authorities in support thereof immediately following.

It is not enough that the argument be printed and filed, unless it shall contain a clear and distinct statement, such as is the proper purpose of a brief. Gillespie v. Rout, 40 Ill. 58; Gochenour v. Mowry, 40 Ill. 57.

For want of a proper brief by the plaintiff in error, we shall dismiss the suit unless her counsel shall print and file a brief, as required by the rules, within twenty days from the date of filing this opinion.

If within said twenty days a proper brief shall be filed on behalf of the plaintiff in error, the cause will be then continued at the cost of the plaintiff in error, with leave to defendants in error to file, on or before the second day of next term, such additions to their brief and argument already filed as to them may seem necessary to meet such brief of the plaintiff in error; the cost of printing such additional brief and argument by the defendant in error also to be taxed as costs against the plaintiff in error.