(No. 12085.—Judgment affirmed.)

THE WESTERN ELECTRIC COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(CARRIE BURNS LEWIS, Admx., Defendant in Error.)

*Opinion filed October 21, 1918—Rehearing denied Dec. 5, 1918.*

1. WORKMEN'S COMPENSATION—*statutory period for suing out a writ of error applies to Workmen's Compensation cases.* The three-year period fixed by statute for suing out a writ of error applies to Workmen's Compensation cases notwithstanding the writ cannot issue unless the trial court certifies that the case is a proper one to be reviewed, or the Supreme Court, or one of its judges, orders that the writ shall issue.

2. SAME—*when Supreme Court is not bound by facts found in written decision of Industrial Board.* In determining whether there is any competent evidence tending to support an award made by the Industrial Board the Supreme Court is not bound by the facts stated in the written decision of the board where there is a stenographic report of the evidence in the record. (*Munn* v. *Industrial Board,* 274 Ill. 70, explained.)

3. SAME—*when award of Industrial Board must be upheld.* If there is any competent evidence tending to sustain an award by the Industrial Board based on its finding that the deceased employee came to his death as a result of an accident which arose out of and in the course of his employment, the Supreme Court must uphold the award though the preponderance of the evidence is that the deceased died from natural causes.

CARTER, J., specially concurring.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

HOLT, CUTTING & SIDLEY, for plaintiff in error.

KELLY, HALE, DAMMANN & COOLIDGE, (J. F. DAM-
MANN, JR., of counsel,) for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is a writ of error sued out to review the judgment
of the circuit court of Cook county confirming the award
of the Industrial Board against the Western Electric Com-
pany, a corporation, plaintiff in error, on the application of
Carrie Burns Lewis, administratrix of the estate of Mel-
vin T. Lewis, deceased.

It is first contended that this court has no jurisdiction
as the judgment of the circuit court was rendered Decem-
ber 11, 1917, more than fifty days prior to the first day of
the February term, 1918, of this court, and the writ of
error was not sued out and the record was not filed in
this court until the April term, 1918. It is conceded that
the Workmen's Compensation act does not prescribe the
time within which a writ of error must be sued out of this
court to review the proceedings of the circuit court, but it
is contended by defendant in error that while the act pro-
vides that a review may be had by this court by writ of
error it does not refer to the common law writ of error;
that this proceeding is more in the nature of an appeal on a
certificate of importance, and therefore it should be brought
to this court for review under the provisions of section 100
of the Practice act, which would have required the writ
to have been made returnable to the February term, 1918.
Plaintiff in error, on the other hand, contends that the stat-
ute permits the review to be had by writ of error, only, and
that it should be governed by section 117 of the Practice
act, which provides that a writ of error can be sued out of
this court to review the proceedings of the trial court any
time within three years after the rendition of the judgment
or decree. While it is true that it is the evident intention
of the Workmen's Compensation act that a speedy deter-
mination be had of all contested claims, it is entirely within

the province of the legislature to designate the manner in which the judgment of the lower court shall be reviewed. While the act provides that a writ of error can be sued out only in cases where the trial court certifies that the case is a proper one to be reviewed, or this court, or one of the judges in vacation, orders that such writ issue, the legislature has not indicated that it did not refer to the common law writ of error in providing for this method of review. That is the only writ of error known to the law, and it must be assumed that this method of review was provided for by the legislature with the intention that the party complaining would have three years in which to sue out the writ of error. The writ of error was sued out in apt time.

Melvin T. Lewis was a steam-fitter. On the day of his death he was directed by his foreman to repair a steam-pipe which was leaking in an oven used for drying wood. After he had finished repairing the pipe the doors of the oven were closed and the steam turned on. He then took hold of the cord of an electric light which was used for the purpose of inspecting the inside of the oven and looked inside the oven. He closed the door, and, while standing holding the electric light cord in his hand, fell to the floor and died almost immediately afterwards. A post mortem examination disclosed that the deceased had been a sufferer from myocarditis, or fatty degeneration of the heart, and that his death was caused from dilation of the heart. No one saw the deceased when he fell. It is the theory of defendant in error that he received an electric shock from the electric light cord, which was sufficient, in the weakened condition of his heart, to cause his death. There was very little evidence, although some, to support this theory. The great preponderance of the evidence was to the effect that the deceased died from natural causes.

The evidence introduced before the arbitrator was somewhat voluminous. The arbitrator awarded compensation to the administratrix, and an appeal was taken to the Indus-

trial Board, where additional evidence was heard. The Industrial Board rendered a written decision awarding compensation. In its decision the Industrial Board held, in effect, that it was not bound to render its decision and make its award according to the preponderance of the evidence, and, in effect, stated that it was impossible to tell what caused the death of the deceased, but found, however, as a fact that he met his death as the result of an accident which arose out of and in the course of his employment. When the matter was brought before the circuit court on *certiorari,* plaintiff in error requested the court to remand the cause to the Industrial Board with instructions. While the court did not adopt, in the exact form as presented, the instructions suggested by plaintiff in error, it did remand the cause to the Industrial Board, with the statement, first, that the board had erred in its decision in failing to include in its enumeration of the issues in a compensation case the question whether or not an accidental injury occurred; second, that the board erred in its implied statement that where all the elements in a compensation case are admitted or proven beyond question, except the element of an accidental injury arising out of and in the course of the employment, then the rule of law as to the burden of proving an accidental injury arising out of and in the course of the employment should not be applied; and third, that the board erred in its statement that it is a legal presumption that the injury was accidental. Upon the re-reference, the Industrial Board, without hearing any further evidence, again awarded compensation to the administratrix, and the former decision was modified by striking out certain portions but leaving in it words which plaintiff in error contends are still objectionable.

While it is apparent from its decision that the Industrial Board had some doubt as to the liability of plaintiff in error to pay compensation in this case and as to just how the deceased came to his death, it did find that he died as

a result of an accident which arose out of and in the course of his employment on January 22, 1916. It is not within the power of this court to weigh the testimony. If there is competent evidence in the record which supports this finding the judgment of the circuit court must be affirmed.

Plaintiff in error contends that in reviewing the judgment of the circuit court for the purpose of determining whether the facts proven support the award we are bound by the facts as stated in the written opinion of the Industrial Board. In maintaining this position it cites and relies upon *Munn* v. *Industrial Board,* 274 Ill. 70. In that case there was no agreed statement of facts or stenographic report of the evidence in the record. The only facts in the record were the findings made by the Industrial Board, and, as we stated in that case, our powers of review were limited to a determination, from the facts recited in the decision of the Industrial Board, as to whether that body acted within its powers in making the award. In this case we have a stenographic report of the evidence taken. Two witnesses testified that they examined the deceased after his death and found one of his hands burned where he had grasped the electric light cord, as though it had been burned by electricity. At the time he fell deceased was standing on an iron floor which was covered with water to the depth of the soles of his shoes. While the evidence disclosed that the insulation on this electric light cord was in good condition and no leak in the current could be found by any test made, it was also shown that at times and under certain conditions electricity will escape from a cord of this kind when no leakage could be detected either immediately before or afterwards. The current that supplied this cord was what is known as alternating, and physicians testified that a shock from an alternating electric current received by one whose heart was in the condition of that of the deceased is liable to produce dilation, which would result in death. Under this state of the record, as we are not permitted to weigh

the evidence, the circuit court properly confirmed the award of the Industrial Board.

The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTER, specially concurring:

I agree with the conclusion reached in the foregoing opinion on the merits of the case, but I am disposed to think there is reasonable ground for holding that in order to give this court jurisdiction to review the proceedings of the circuit court this writ should have been sued out at the February term, 1918, of this court. I think there is great force in the argument of counsel for the administratrix that the writ of error, under our statute to review the proceedings of the circuit court in this court, is not a common law writ of error but is more in the nature of an appeal. This court has held that a *certiorari* proceeding under which the award of compensation by the Industrial Board is reviewed by the circuit court is not a common law *certiorari* but a statutory one; that all proceedings under the Workmen's Compensation act are entirely statutory, and that a writ of *certiorari* awarded by the circuit court, or a suit in chancery provided for under the Workmen's Compensation act, is not an ordinary common law proceeding but is governed wholly by the statute. (*People* v. *McGoorty,* 270 Ill. 610.) It must be conceded that the Workmen's Compensation act in no way specifically limits the time in which the writ of error should be brought to this court to review the proceedings of the circuit court, and the question here under discussion as to the proper construction of the statute on this point is not free from difficulty. It is one of the many questions that are continually coming before the courts as to the proper construction of statutes where the intention of the legislature is not clearly shown from the wording of the statute. Beyond question, the legislature could have specifically limited the time in which this writ of error could be sued out

of this court, either to the next term of the Supreme Court
or to three years.

It seems to me clear, under the wording of the statutes
and the decisions of this court in construing other provi-
sions with reference to the Practice act as to writs of er-
ror, that the writ of error referred to in the Practice act is
the common law writ of error and not the statutory one. .
(*Myers* v. *Newcomb Drainage District,* 245 Ill. 140; *Er-
linger* v. *St. Louis and O'Fallon Railway Co.* 245 id. 304.)
The common law writ of error is a writ of right, but the
writ in a proceeding of this kind is not a writ of right. It
is statutory, and such a writ is not a writ of right. (*Loomis*
v. *Hodson,* 224 Ill. 147; *People* v. *McGoorty, supra,* and
cases there cited.) Clearly, the legislature did not intend
to make this writ of error a writ of right, because it re-
quired as a prerequisite to its issuance that the circuit court
should first issue a certificate that the case was one proper
to be reviewed by the Supreme Court, or, if the trial court
refused to so certify, that the Supreme Court during term
time, or one of its judges in vacation, could order a writ
of error to issue.

In construing a statute on any given question the inten-
tion of the legislature is the law. In finding such intention
we must gather it from the necessity or reason of the enact-
ment and the meaning of the words, enlarged or restricted
according to their real intent. A thing within the intention
is regarded within the statute though not within the letter.
A thing within the letter is not within the statute if not also
within the intention. When the intention can be collected
from the statute, words may be modified or altered so as
to obviate all inconsistency therewith. In seeking the in-
tention the court will always have regard to existing cir-
cumstances, contemporaneous conditions and the interest or
want of interest for the adoption of the statute, together
with the thing to be remedied and the object sought to be
attained. (*People* v. *Highway Comrs.* 270 Ill. 141; *War-*

*ner* v. *King,* 267 id. 82; *Hoyne* v. *Danisch,* 264 id. 467.) A statute is passed as a whole and not in parts or sections, and therefore, in order to get the real intention of the law-makers, the whole act should be studied and construed. (*Uphoff* v. *Industrial Board,* 271 Ill. 312; *People* v. *Wren,* 4 Scam. 269.) Previous legislation passed on the subject may be helpful, also, in ascertaining the intention of the legislature with reference to the act that is being construed.

The Workmen's Compensation act was first passed in this State in 1911. (Laws of 1911, p. 314.) The provisions for hearing before the arbitrator were somewhat similar to those of the act as it now stands. That law provided that the third arbitrator should be appointed by the county or circuit court of the county where the injury occurred, and also provided in section 10 that the report of the arbitrator should be reviewed in the court that made the appointment by filing, within twenty days after the finding of the arbitrator, a petition asking for a review in said court and filing a good and sufficient bond approved by the court. There was no provision in the statute at that time with reference to reviewing the finding of the county or circuit court in that regard. The act was amended in 1913, providing for the Industrial Board substantially as in the present act, and further providing that the Supreme Court should have the power to review the questions of law involved in any such decision if application for such review by this court was made by the aggrieved party within thirty days after the decision or after the filing of a correct statement of facts or a stenographic report with the Industrial Board. (Laws of 1913, par. *f,* p. 349.) This court held that this provision for a review directly by this court of the decision of the Industrial Board was unconstitutional, (*Courter* v. *Simpson Construction Co.* 264 Ill. 488,) and that the only way to review the decision of the Industrial Board in court was by the common law writ of *certiorari.*

At the next session of the legislature this provision of the Workmen's Compensation act was amended so as to provide that the circuit court of the county where the parties defendant in a proceeding of this kind were found could review by writ of *certiorari* the finding of the Industrial Board, and also to provide that the judgment or decree of the circuit court could only be reviewed by the Supreme Court by writ of error upon the certificate of the trial court that the case was one proper to be reviewed by the Supreme Court, or if the trial court certified that it was not one proper to be reviewed by the Supreme Court, the Supreme Court, in its discretion, could order the writ of error to issue. (Laws of 1915, p. 410.) This amended act also provided that a copy of the decision of the Industrial Board could be entered in the circuit court of the county in which the accident occurred by either of the parties on fifteen days' notice to the other parties as to the making of such application for an entry of judgment. The amended act of 1915 also provided that within eighteen months after the agreement or award had been decided upon, as stated therein, such award or agreement might be reviewed by the Industrial Board at the request of either employer or employee on the ground that the disability of the employee had recurred, increased, diminished or ended, fifteen days' notice being given as to the hearing on this review. There are several other provisions of this amended act indicating that the legislature intended to have a final decision in the matter of the award quickly disposed of. The act was again amended at the last session of the legislature, providing that if the trial court refused to certify that the cause was one proper to be heard by the Supreme Court, the Supreme Court in term time, or one of the judges of that court in vacation, could order the writ to issue for the review of the proceedings of the circuit court. Both the amendment of 1915 and the amendment of 1917 provided that the review in the circuit court by writ of *certiorari* or by chancery pro-

ceedings must be commenced within twenty days of the receipt of notice of the decision of the board of arbitration.

Having in mind the history of the legislation in this State on this subject, the various provisions that have been made for the speedy disposition of the hearing in the lower court, and the attempt of the legislature by the act of 1913 to obviate a hearing by intervening courts and requiring any review to be made directly by the Supreme Court within thirty days from the rendering of the decision, and the various provisions now found in the amended act with reference to the speedy disposition of the hearing, both before and after review, it seems most unreasonable to believe that the legislature intended the whole matter could be held in abeyance during the three years in which the statute provides that a common law writ of error may be issued out of this court to review the judgment of the trial court. Such an intention would render uncertain the final disposition of the case until after the three years had expired. If the legislature had ever had its attention called to this question it surely could not have allowed three years for such review in view of the other provisions in the act, which show clearly that it intended to have a speedy disposition of the proceedings, so that the injured person,—or, if he was dead, his beneficiaries,—could have quick relief under the provisions of the act. As this court has said in a recent decision, the act was passed for the purpose of speedily disposing of claims for injuries with as little expense as possible. (*Louisville and Nashville Railroad Co.* v. *Industrial Board,* 282 Ill. 136.) Section 100 of the present Practice act provides that appeals cannot be taken from the decisions of trial courts to the Supreme Court more than twenty days after the date of the entry of the judgment, and that not more than fifty days may intervene between the date of the entering of such order and the term of this court to which the appeal is taken. While the Workmen's Compensation act calls this proceeding to review, a "writ of error," yet it is not a com-

mon law writ of error, because it can only be issued on the order of the trial judge or the Supreme Court or one of the judges thereof, and it is therefore not a matter of right but a matter of discretion of the court or judge, and is practically an appeal allowed in the discretion of the court or judge rather than a common law writ of error.

The conclusion reached in this opinion, it seems to me, leads to an unreasonable conclusion as to the enforcement of this law in making the decision of the trial court subject to the common law writ of error. When great inconvenience or absurd consequences will result from a particular construction of a statute, that construction should be avoided unless the meaning of the legislature be so plain and manifest that avoidance is impossible. Considering all the provisions of the Workmen's Compensation act together, it seems to me that it was the plain intention of the legislature that there should be a speedy, final disposition of all claims for injuries coming within those provisions. It is as reasonable from the letter of the statute to hold that section 100 of the Practice act should apply as to the time in which a statutory writ of error should be sued out, as it is to hold that section 117, as to common law writs of error, applies to this statutory writ of error. To construe section 100 as applying here is in full harmony with all the other provisions of the Workmen's Compensation act, and carries out, beyond question, the spirit and purpose of that act. That being so, it would seem that it should be held that this writ of error should have been sued out and brought to the February term, 1918, of this court, and not having been brought until the April term,—long after the fifty days expired from the entry of the former judgment,—that this court is without jurisdiction to review the proceedings under the statutory writ.