(No. 12867.—Reversed and remanded.)

JOHN A. McGARRY et al. Plaintiffs in Error, vs. THE INDUSTRIAL COMMISSION et al.—JAS. A. VAIL, Defendant in Error.)

*Opinion filed December 17, 1919.*

1. WORKMEN'S COMPENSATION—*decision of commission should be according to preponderance of evidence.* The Industrial Commission should render its decision in accordance with the preponderance of all the evidence given on the hearing and not make an award merely because there is some evidence which tends to sustain it nor speculate upon a state of facts which does not reasonably appear from the evidence to exist, but if there is any competent evidence to justify the award the Supreme Court cannot set it aside as unsupported by the evidence.

2. SAME—*circuit court has no power to direct payment of the award and order execution.* If the circuit court, in reviewing an award of the Industrial Commission, is of opinion the award should be sustained, its only authority is to confirm the award, and it can not direct payment of the award and order an execution.

3. PRACTICE—*plaintiff in error should file brief as well as argument.* Under the rules of the Supreme Court the plaintiff in error should file a brief containing points and authorities relied upon for a reversal of the judgment and not merely an argument, and under the rules the judgment may be affirmed if no such brief is filed.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

JOHN A. BLOOMINGSTON, for plaintiffs in error.

A. B. MANION, and GIDEON S. THOMPSON, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is brought to review a decree of the circuit court of Cook county confirming a decision of the Industrial Commission awarding defendant in error compensation for a period of 416 weeks and thereafter an annual pension for life, the circuit court having certified that this is a proper case to be considered by this court.

290 – 37

December 26, 1916, defendant in error was employed as yardman by plaintiffs in error, paving contractors. In a building on their premises was a desk phone. Shortly before noon this telephone rang, and defendant in error in answering it picked up the phone with his right hand and lifted the receiver with his left. He received a shock of sufficient severity to make it difficult for him to release himself from the instrument. It was raining that morning and his clothing and shoes were damp. He felt the shock all over his body but mostly on his right side. The numbness continued to grow worse until afternoon, when he first realized that his face was partially paralyzed. He then discovered that he could not use his lips to draw his pipe. He went home about four o'clock and there found that his left eye and the left side of his mouth were drawn down. The next morning he could not close his eyes and had pains in his back and head. He has done no work since the day of the accident. Physicians who examined him testified that he was suffering from arterio sclerosis, and that while the shock may have aggravated this condition, the real cause of his disability is the disease.

There is much conflict in the evidence concerning the cause and extent of Vail's disability. While we think a clear preponderance of the evidence shows that the present condition of defendant in error is due largely, if not entirely, to an organic disease, caused, in part at least, by the habitual use of intoxicating liquors, we cannot disturb the holding on this ground. Defendant in error is only fifty-four years old but it is said he appears to be sixty-five. It is the duty of the Industrial Commission to consider all the evidence in a hearing of this kind and to render its decision in accordance with the preponderance of the evidence. It should not grant an award merely because there is evidence in the record which tends to support that award, nor should it speculate upon a possible state of facts which does not reasonably appear to exist from the evidence. We have

said with tiresome regularity that we cannot weigh the evidence but must confirm the decision of the Industrial Commission if there is any competent evidence in the record which justifies its finding. *Western Electric Co.* v. *Industrial Com.* 285 Ill. 279; *Peoria Terminal Co.* v. *Industrial Board,* 279 id. 352; *Big Muddy Coal Co.* v. *Industrial Board,* id. 235.

Plaintiffs in error have filed no brief in this cause. They have filed a printed argument, but that does not meet the rule requiring a printed brief of the points and authorities relied upon for a reversal of the trial court. (*Gillespie* v. *Rout,* 40 Ill. 58.) Rule 15 requires that the brief of plaintiff in error shall contain the points made and authorities relied upon in support of them, and rule 27 provides that if such a brief is not filed by the plaintiff in error within the time prescribed the judgment of the court below will be affirmed. (Rules of Practice, 273 Ill. 11, *et seq.*) While we must hold that the decree of the circuit court was right on the merits, we might well affirm this decision for failure to file a brief for plaintiffs in error.

The circuit court erred, however, in entering a decree directing the payment of the award of the commission and ordering execution thereon. When the trial court considers the findings and award of the Industrial Commission to be correct, its only authority is to confirm the decision. *Baum* v. *Industrial Com.* 288 Ill. 516; *Otis Elevator Co.* v. *Industrial Com.* id. 396.

The decree is therefore reversed and the cause remanded to the circuit court of Cook county, with directions to enter an order confirming the decision of the Industrial Commission. *Reversed and remanded, with directions.*