(No. 40767.—

ALBERT MOJONNIER, INC., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Charles Daniels, Appellee.)

*Opinion filed November 22, 1968.*

ANGERSTEIN & ANGERSTEIN, of Chicago, (OSCAR P. CHIAPPORI and SIDNEY Z. KARASIK, of counsel,) for appellant.

EARLE E. FRIEDLANDER, of Chicago, (DOM J. RIZZI, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook County affirming an award and an additional 50% penalty award of the Industrial Commission in favor of the claimant, Charles Daniels, against Albert Mojonnier, Inc. (Mojonnier.) A motion to dismiss, incorporated in appellee's brief, has been taken with the case.

Claimant was an employee of Manpower, Inc. (Manpower) which was in the business of furnishing temporary employees to other employers. He was assigned by a "job ticket" to Mojonnier and received his orders and instructions from the Mojonnier foreman. Each Friday he was given a ticket showing hours worked, which he took back to Manpower and by whom he was paid. After working for Mojonnier for ten days, he suffered a compensable injury.

This case involves section 1(a)4 of the Workmen's Compensation Act (Ill. Rev. Stat. 1965, chap. 48, par. 138.1(a)4), added by amendment in 1957, sometimes referred to as the "lending-borrowing" section. It reads in pertinent part:

"Where an employer operating under and subject to the provisions of this Act loans an employee to another such employer and such loaned employee sustains a compensable accidental injury in the employment of such borrowing employer and where such borrowing employer does not provide or pay the benefits or payments due such injured employee, such loaning employer shall be liable to provide or pay all benefits or payments due such employee under this Act and as to such employee the liability of such loaning and borrowing employers shall be joint and several, provided that such loaning employer shall in the absence of agreement to the contrary be entitled to receive from such borrowing employer full reimbursement for all sums paid or incurred pursuant to this paragraph together with reasonable attorneys' fees and expenses in any hearings before the Industrial Commission or in any action to secure such reimbursement. Where any benefit is provided or paid by such loaning employer the employee shall have the duty of rendering reasonable cooperation in any hearings, trials or proceedings in the case, including such proceedings for reimbursement.

"Where an employee files an Application for Adjust-

ment of Claim with the Industrial Commission alleging that his claim is covered by the provisions of the preceding paragraph, and joining both the alleged loaning and borrowing employers, they and each of them, upon written demand by the employee and within seven days after receipt of such demand, shall have the duty of filing with the Industrial Commission a written admission or denial of the allegation that the claim is covered by the provisions of the preceding paragraph and in default of such filing or if any such denial be ultimately determined not to have been bona fide then the provisions of Paragraph K of Section 19 of this Act shall apply."

On May 9, 1966, the arbitrator made an award for temporary total disability and a specific award for injuries to fingers. He also found that the parties were subject to the rights and remedies created by section 1(a)4 of the Act and that Mojonnier was the borrowing and Manpower the loaning employer of claimant. He also found that, under section 1(a)4, if Mojonnier failed to pay the amounts awarded, Manpower would be liable, and as to claimant the liability of respondents was held to be joint and several.

Mojonnier filed a petition for review by the Commission naming claimant only and the latter filed a cross petition naming both Mojonnier and Manpower as respondents. Mojonnier asserts that since Manpower did not file a petition for review, the award of the arbitrator became final as to it. This misconceives the intent of the statute. Since claimant named both in his petition, Manpower was thereby brought in as a respondent on review. It was, therefore, unnecessary for it to file a petition, nor was it necessary for Manpower to file a second agreed statement of facts or transcript as provided in section 19(e) of the Act. It was incumbent upon the petitioner for review to so file, and it would have been a useless duplication for Manpower to file another (as suggested by Mojonnier's counsel) in order to be a party to the review.

The Commission affirmed the arbitrator's award for temporary disability and specific loss and found that Mojonnier was the borrowing employer and Manpower the loaning employer, that in the event Mojonnier failed to pay the awards then Manpower was directed to do so, and that as to claimant their liability was joint and several. It further found that Mojonnier failed to answer the demand for admission or denial of a lending-borrowing relationship and applied the 50% sanction penalty of section 19(k). The circuit court affirmed the awards and penalty award.

Claimant's motion to dismiss is based on the assertion that both Mojonnier and Manpower were "parties in interest" in review before the Commission, and in order to confer jurisdiction upon the circuit court for judicial review it was necessary that Manpower be named in the *praecipe* and served as a party in interest. Manpower apparently decided to stop at the Commission level and Mojonnier did not need to include Manpower in the *praecipe* for writ of *certiorari*. The motion is therefore denied.

Mojonnier complains that the Commission erred in entering a joint award against it and Manpower. Its complaint would be amply justified if this were a true joint award because the two were admittedly not dual employers.

This appears to be the first case on appeal under section 1(a)4 so that earlier cases with respect to joint employers are of little help. In *Raymond Concrete Pile Co.* v. *Industrial Com.*, 37 Ill.2d 512, it was pointed out that we imposed joint liability only where there was dual employment and, in cases involving loaned employees, liability was imposed upon one or the other employer, but not on both jointly. The new section was referred to, but it was noted that it could not be invoked since the injury preceded its effective date.

The Commission specifically found that the parties were subject to the rights and remedies created by 1(a)4,

that Mojonnier, as the borrowing employer, was primarily liable and Manpower's secondary liability as the loaning employer came into being only in the event of failure of Mojonnier to pay. The use of the phrases "joint and several" and "as to petitioner" followed the wording of the statute, but when it is read in context it clearly meant, as between the two employers, the primary and secondary liability contemplated by the Act. In the ordering portion of the order the direction to pay was to Mojonnier only without any reference to Manpower or joint liability. The Commission's order would have been clearer if it had ordered payment by Mojonnier and payment by Manpower only in the event of Mojonnier's failure to pay under section 1(a)4 so that the directional part of the order would have followed the statute. Nevertheless, the intent and meaning of the order is clear and it did decide that Mojonnier, not Manpower, was primarily liable to pay compensation.

Mojonnier seeks to shift liability to Manpower by arguing that there was an agreement by virtue of Manpower's advertising. We think it unnecessary to at this time decide whether the phrase "in the absence of agreement to the contrary" refers to the whole lending-borrowing provision of section 1(a)4 or only to the right of reimbursement, since no agreement was established. Mojonnier offered in evidence a copy of an advertising circular allegedly put out by Manpower. Among other benefits and advantages to using the service, the circular indicated that employees would be placed on its payroll and they would be fully covered under Manpower's extensive insurance policies and bonding structure. The circular was not proved up and the Commission properly refused to admit it in the record. There was no agreement between the parties relative to liability and such liability was fixed by the provisions of section 1(a)4.

Mojonnier contends there was no justifiable basis for imposition of the 50% penalty. To excuse its failure to

admit or deny the application of the lending-borrowing employer provisions, Mojonnier argues that since Manpower paid the medical expenses, it (Mojonnier) assumed that Manpower was assuming responsibility. This argument loses it potency upon further examination of section 1(a)4. It contemplates that the loaning employer may make payments to an injured employee and provides for full reimbursement to the loaning employer from the borrowing employer, together with reasonable attorneys fees. Mojonnier wholly failed to comply with the requirement and thereby left itself open to sanctions. It offered no evidence before the arbitrator tending to show that it was not a borrowing employer and the section unequivocally places primary liability on it.

In connection with another point, the Commission is accused of acting arbitrarily in taxing the penalty against Mojonnier, only, when both it and Manpower were in default. The short answer is that there was no primary award against Manpower, so a penalty award, as such, would have been nil. Of course, in the event of failure of Mojonnier to pay claimant, Manpower was obligated under the terms of the statute and order to pay all benefits or payments due claimant, including the penalty award since it also failed to comply.

Mojonnier argues in this court that section 1(a)4 is unconstitutional in that the interrogatory requirement is a violation of due process and discriminatory, and that the assessment of a section 19(k) penalty against it and not Manpower was a breach of equal protection. In carefully checking the entire record the only reference to unconstitutionality is at page 53 of the record of the hearing before the arbitrator where counsel for Mojonnier stated: "We are also adding the provision that we believe that section of the Act is unconstitutional." No attempt was made to elaborate on that one statement or to point out in what respects the section was asserted to be unconstitutional.

Nor was it challenged either before the Commission or the circuit court on judicial review. Proceedings under the Act do not require the formality of pleading used in the courts, but there is such a wealth of authority as to require no citation that a constitutional question cannot be presented in this court unless it was raised with sufficient specificity in the circuit court for that court to make a constitutional determination. Furthermore, the point must be preserved in the record on appeal. The bare statement of unconstitutionality was insufficient and the record is barren of its pursuit thereafter. This question cannot now be urged.

The judgment of the circuit court of Cook County confirming the award of the Industrial Commission is affirmed.

*Judgment affirmed.*