(No. 46697.—)

INTERLAKE STEEL CORPORATION, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Antonio Barreda, Appellee.)

*Opinion filed March 24, 1975.*

Raymond J. Kelly and Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellant.

Kleiman, Cornfield and Feldman, of Chicago (Linzey D. Jones, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

Employer, Interlake Steel Corporation, has appealed from an order of the Cook County circuit court which confirmed the Industrial Commission's award and decision which had affirmed the arbitrator's finding that the employee, Antonio Barreda, is permanently and totally disabled. The employee has cross-appealed from that portion of the circuit court order which declined to rule on the employee's request that the court include in its judgment confirming the decision of the Industrial Commission interest on the award.

On January 5, 1968, Barreda, while in the course of his employment, lifted a coil weighing between 90 and 125 pounds. He felt considerable pain in the middle of the lower portion of his back. From that date to March 5, 1968, he continued to work, but only as a sweeper. On March 5, he entered the hospital, was placed in traction for 14 days, underwent a myelogram, and finally had a hemilaminectomy performed on the right side at the fourth lumbar vertebra. In September of 1968, Barreda returned to the hospital, where a spinal fusion was performed.

He returned to work on April 17, 1970, again working solely as a sweeper. He experienced much pain in the lower part of the back and in both legs. He discontinued working about June 7, 1970, and has not worked since. Barreda came to the United States from Mexico in 1959, with a high school education, and has worked for Interlake since 1959.

Before the Industrial Commission on review, Barreda testified that he still has sharp pain in his back which extends into his legs if he walks four blocks, or if he bends, goes up and down stairs, rides on a bus or drives to and from the store. When he walks, his legs become weak. He notices pain whenever he sits for 10 or 15 minutes or whenever he stands for a short period of time. Movement of a train, bus, or car causes pain. He sleeps on the floor and takes from six to eight aspirin tablets a day.

He was asked to appear before an Interlake personnel man about January 17, 1972, after the award by the arbitrator but before review by the Commission. At that time, Barreda indicated his willingness to work. At the request of Interlake he was examined by Dr. Cooper, after which the personnel man informed Barreda that Interlake did not have a job for him.

Called as the employee's witness, Dr. Leonard Smith, an orthopedic surgeon, testified he had examined Barreda on July 2, 1970, and again on December 16, 1971. He

found no improvement in the patient's condition. As a result of his second examination, Dr. Smith concluded that the residual functional capacity of Barreda indicated that he cannot sit or stand more than 6 hours a day; he cannot lift in excess of 10 to 15 pounds; and he had severe limitation on bending and twisting. If he attempted to work he would have difficulty climbing stairs or ladders or in operating foot controls and might endanger his health. When cross-examined as to Barreda's statement on January 17, 1972, to the personnel man that he was willing to go back to work as a sweeper, Dr. Smith said that he would not hire him and that he would recommend to Barreda that he not attempt to do it. He further stated that Barreda's belief that he can return to this type of work is not in keeping with reality. On his first examination of Barreda, Dr. Smith's findings were essentially the same as they were on his second examination. Following the first examination Dr. Smith had stated in his report that Barreda's condition had resulted in permanent partial loss of use of his legs and suggested a change in occupation. Following the second examination, he concluded that since the condition had persisted for 15 months with failure to improve, Barreda could not return to gainful employment. Dr. Samuel Rupert also testified for the employee at the arbitration proceeding and stated that Barreda had strain and disc protrusion changes at the fourth and fifth lumbar disc levels, lumbosacral nerve-root irritation, and right and left leg sciatica. In response to hypothetical questions, both doctors stated that in their opinions Barreda was permanently and totally disabled for work.

Dr. George Cooper, an orthopedic specialist, testified for the employer that Barreda had a stable lumbosacral fusion. In his opinion, Barreda could be gainfully employed with the qualifications that work be limited to the running of hoists and cranes, to janitorial sweeping, and to the temporary lifting of from 50 to 60 pounds but only

for short intervals.

At the arbitration proceedings the written report of an examination by Dr. Carlo Scuderi, an orthopedic specialist, was offered by the employer. His report, after detailing his findings, stated that in his opinion the fusion appears to be solid. The statement which the employer attributes to Dr. Scuderi, that Barreda could be gainfully employed at some type of light work, does not appear in Dr. Scuderi's report; nor is it to be found in the record. In fact, in the report the doctor stated that in his opinion "the patient has objective findings and subjective complaints that are consistent with what has been done." The subjective complaints which the doctor listed in his report include "pain in the lower back, radiating into both legs, aggravated by coughing, sneezing, walking, sitting and standing." Contrary to the employer's contention as to this report, the inference could be drawn from it that the employee is not able to be gainfully employed.

The employer contends that the testimony of Dr. Cooper, coupled with the employee's statement that he is willing to go back to work, establishes that he is not totally and permanently disabled. The employer requests that this court remand the case to the Industrial Commission for a determination of the degree of permanent partial disability.

This court has held that an employee is totally and permanently disabled within the meaning of the Workmen's Compensation Act when he is unable to make some contribution to industry sufficient to justify payment to him of wages. (*Cebulski v. Industrial Com.*, 48 Ill.2d 289; *Ford Motor Co. v. Industrial Com.*, 355 Ill. 490.) This does not mean that he must be reduced to a state of total physical incapacity or helplessness. A person is totally disabled when he cannot perform any services except those which are so limited in quantity, dependability or quality that there is no reasonable, stable market for them. *South Import Motors, Inc. v. Industrial Com.*, 52 Ill.2d 485.

The determination of the degree of disability is a question of fact to be resolved by the Industrial Commission. Where, as in this case, there are conflicting medical opinions on the question of the degree of disability, the determination of the Commission should not be set aside on review unless against the manifest weight of the evidence. *City of Chicago v. Industrial Com.*, 59 Ill.2d 284; *South Import Motors, Inc. v. Industrial Com.; Cebulski v. Industrial Com.*

The employer insists that, regardless of the conflicting medical opinions, the statement of Barreda that he would have returned to the sweeping duties he performed in June, 1970, discloses that he was not permanently and totally disabled, citing *Consolidated Coal Co. v. Industrial Com.*, 325 Ill. 424. In that case, however, not only did the employee state he thought he could perform certain kinds of light work but two doctors also testified to that effect and there was no contrary evidence. This court stated, at page 428, "in the opinion of all the witnesses the defendant in error is capable of doing light work."

A contrary situation prevails in the present case. We have only the testimony of Dr. Cooper that Barreda could perform some type of gainful employment. As against this, we have Dr. Smith's and Dr. Rupert's opinions to the contrary and Dr. Scuderi's opinion that the complaints of pain aggravated by walking, sitting or standing are consistent with what had been done to the employee. Furthermore, Barreda stated only that he was willing to go back to work at the sweeping job "because I got a family." When he had previously worked at this same sweeping job he had to quit after a short period of time because of severe pain in his lower back and legs. In view of all of this testimony, we are of the opinion that the finding of the Industrial Commission that the employee was permanently and totally disabled is not against the manifest weight of the evidence.

The employee filed a motion in the circuit court

praying that, in the event the court entered a judgment affirming the Industrial Commission, interest at the rate of 6% from February 2, 1973, the date of the award, be made a part of the judgment. The motion further prayed that the judgment of the circuit court provide that the employee is entitled to interest at 6% on all weekly payments which had accrued and were unpaid as of February 2, 1973, the date of the Industrial Commission award, and on each weekly or monthly benefit installment as it accrued thereafter. The circuit court in its order confirming the award of the Industrial Commission specifically declined "to issue any order in respect to payment of interest on the award."

The employee relies on *Bell and Gossett Co. v. Industrial Com.,* 53 Ill.2d 144, where, relying on *Proctor Community Hospital v. Industrial Com.,* 50 Ill.2d 7, we affirmed an order of the circuit court which taxed interest on the award of the Industrial Commission from the date of its entry. We are not aware of the manner in which the amount of interest was ascertained by the circuit court in *Bell and Gossett Co.* It must be noted, however, that in that case we did not hold that the circuit court should include, as part of its judgment confirming the Industrial Commission's decision, interest on the award. We only followed our holding in *Proctor Community Hospital* that under the Interest Act interest accrues on an award of the Industrial Commission from the date that the award is entered. It is the statute (Ill. Rev. Stat. 1971, ch. 74, par. 3) which gives rise to the right to interest on the award and on any payments accruing thereafter and not the judgment of the circuit court. In fact, in *Bell and Gossett Co.* the employee was by virtue of the statute entitled to interest on the unpaid amount of the award regardless of any action by the circuit court on review of the Industrial Commission decision.

Under section 19(f)(1) of the Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.19(f)(1)) the circuit court reviews

all questions of law and fact *presented by the record.* The circuit court tries the case on the record alone and has no authority to try the case *de novo* or to hear evidence. (*Zimmerman v. Industrial Com.,* 50 Ill.2d 346.) In most cases the record reviewed by the circuit court will not contain the information necessary for the computation of interest concerning the amount of compensation accrued as of the date it enters judgment. When the circuit court reviews a decision of the Industrial Commission under section 19(f) of the Act it exercises a special statutory jurisdiction and has only the powers that are conferred by the statute. (*Grollemond v. Industrial Com.,* 5 Ill.2d 541.) Under section 19(f)(2) the circuit court may confirm or set aside the decision of the Industrial Commission. If it confirms the decision it has no authority to enter a money judgment for the amount of the award nor to order execution to issue. Also, the judgment confirming the award does not constitute a lien on the property of the employer. (*Nierman v. Industrial Com.,* 329 Ill. 623; *McGarry v. Industrial Com.,* 290 Ill. 577; *Baum v. Industrial Com.,* 288 Ill. 516.) In a proceeding to review an award of the Industrial Commission the circuit court has no authority to tax interest in entering its judgment confirming the award. (*Board of Education v. Industrial Com.,* 39 Ill.2d 167.) The circuit court in this case properly declined to enter an order pertaining to interest.

We observe further that the motion filed by the employee asks for interest on all weekly payments which had accrued and were unpaid as of February 2, 1973, the date of the award by the Industrial Commission. The statute does not authorize the accrual of interest prior to the entry of an award. Under the statute the award is considered to be in the nature of a verdict. In the same manner that interest does not accrue in a personal injury action from the date of the injury to the date of the verdict, so also interest does not accrue in a workmen's compensation case from the date of the injury to the date

of the award.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*