(No. 54345.–

NICK LACHONA, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Mulivihill Brothers Motor Service, Inc., *et al.*, Appellees).

*Opinion filed December 4, 1981.*

Whelan, Truschke & Associates, P.C., of Arlington Heights (James R. Truschke, of counsel), for appellant.

William J. Catena and Ruth E. Stelzman, of Chicago, for appellee Mulivihill Brothers Motor Service, Inc.

Richard J. Leamy, Jr., of Wiedner and McAuliffe, of Chicago, for appellee Central Steel and Wire Company.

MR. JUSTICE RYAN delivered the opinion of the court:

This is a direct appeal from the circuit court of Cook County pursuant to Supreme Court Rule 302(a) (73 Ill. 2d R. 302(a)) involving a claim under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*). The arbitrator found that petitioner, Nick Lachona, was entitled to receive from respondents, Mulivihill Brothers Motor Service, Inc. (hereinafter Mulivihill) and Central Steel and Wire Company (hereinafter Central Steel) $195.45 per week for life as compensation for his injuries, which rendered him completely disabled and wholly and permanently incapable of work.

On review, the Industrial Commission held that petitioner was temporarily totally incapacitated for a period of 38 weeks, but that petitioner's permanent disability was to the extent of 60% and awarded him $195.45 for 300 weeks, rather than that amount for life, plus his necessary medical expenses. In addition, the Commission ordered that Central Steel be dismissed from the action as a respondent. The circuit court of Cook County confirmed the decision of the Industrial Commission. Petitioner appeals from that decision.

Respondent Mulivihill filed a motion to dismiss for failure to comply with Supreme Court Rule 303 (73 Ill. 2d R. 303) alleging that: (1) notice of appeal was not filed with the clerk of the circuit court within 30 days of the entry of the final judgment appealed from, pursuant to Supreme

Court Rule 303(a) (73 Ill. 2d R. 303(a)), and that (2) a copy of notice of appeal was not served on respondent Mulivihill within 7 days of filing as required by Supreme Court Rule 303(d) (73 Ill. 2d R. 303(d)). The motion was taken with the case.

As to the first allegation, claimant attached to his answer to the motion to dismiss a copy of the notice of appeal filed November 14, 1980, in the circuit court. The decision of the circuit court having been rendered on October 15, 1980, the notice of appeal was timely filed.

As to the second allegation of respondent, claimant attached a copy of proof of service of filing, also file stamped November 14, 1980, which was directed to Central Steel, originally the other respondent in this action. There was no proof offered that Mulivihill was also served, however.

On April 28, 1981, we granted leave for Central Steel to withdraw as a party defendant in this case. Leave for Central Steel to withdraw was granted based on a written agreement between Mulivihill and Central Steel which was submitted to the court. The agreement provided that Mulivihill will "indemnify and hold harmless Central Steel and Wire Company from any judgment, finding or assessment of liability arising under the Workmen's Compensation Act of the State of Illinois for injuries made by Nick Lachona * * * ."

The situation became thus: Central Steel, which was properly served with notice of appeal was allowed to withdraw from the case; Mulivihill, which was not served with notice of appeal, became the sole respondent. Our decision in *Echols v. Olsen* (1976), 63 Ill. 2d 270, addressed the question of the effect of failure to properly serve notice of appeal on a party. In that case, we held that "a failure to serve a copy of a notice of appeal upon an opposing party does not deprive the court of appeal of jurisdiction." (*Echols v. Olsen* (1976), 63 Ill. 2d 270, 274-75.) The only

jurisdictional step in appealing a final judgment of a circuit court is filing the notice of appeal. *Echols v. Olsen* (1976), 63 Ill. 2d 270, 275.

Although *Echols* involved an appeal to the appellate court, the same result applies with respect to direct appeals to this court under Supreme Court Rule 302(a) (73 Ill. 2d R. 302(a)). See *Brady v. Industrial Com.* (1970), 45 Ill. 2d 469, 472.

The reasoning underlying such a result is that a respondent who is allowed to file a brief and argue orally has not been prejudiced because of the failure to serve him with notice of appeal. *Echols v. Olsen* (1976), 63 Ill. 2d 270, 275; *Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 434; *People v. Cassidy* (1978), 67 Ill. App. 3d 43, 45.

In the instant case, although respondent Mulivihill, in its motion to dismiss, alleges that it was prejudiced by not being served with notice of appeal, it fails to explain in what way the prejudice occurred. The record discloses that between March 24, 1981, and June 18, 1981, respondent Mulivihill was granted four extensions of time in which to file its brief, and the oral argument was heard on October 13, 1981. Hence, the motion to dismiss is denied.

This appeal arises out of injuries suffered by Nick Lachona on July 31, 1975, and again on August 1, 1975, while working as a driver of a flatbed steel-hauling truck. On the day of the injury petitioner reported to work as usual and was assigned a truckload of steel to deliver. The load consisted of pieces of steel of varying sizes which were kept immobile on the flatbed deck of the truck by means of a binding device which could be tightened by the use of chains to secure the load. The load had shifted as he drove, so petitioner stopped the truck and went around to the rear of it to tighten the binders on the load. As he was on the bed of the truck, rebinding the load, the binder slipped on the chain links and he was thrown to the bed of the truck. His right knee and right side struck the bed of the truck in the

fall. He experienced severe pain at once. After resting for approximately one-half hour, he drove the truck back and went home for the day. He was treated that evening by Dr. McFarland, a chiropractor. He returned to work the following day, still in pain. He drove the same kind of steel-load-carrying truck and was reinjured when he attempted to readjust the load. After resting in the truck, he called the dispatcher and said that he could not work any more that day. He again received treatment from Dr. McFarland.

There are two issues raised on appeal: (1) whether the order allowing Central Steel to withdraw as a party defendant was proper, and (2) whether the employee sustained his burden of proving permanent and total disability.

With respect to the first issue, section 1 of the Act acknowledges the binding effect of an agreement between the borrowing employer and the loaning employer as to liability under the Act. (Ill. Rev. Stat. 1977, ch. 48, par. 138.1(a)(4).) In this case, petitioner reported to Central Steel at the beginning and end of each working day. There he received a truck, a load to deliver, and certain papers. Petitioner received his paychecks from Mulivihill and also his work and vacation schedule. It was to Mulivihill that he took the trucks for repair. The written agreement between Mulivihill and Central Steel provided that a workmen's compensation award would be the responsibility of Mulivihill. The Act provides that such agreements as to liability will be respected, and so the order allowing Central Steel to withdraw was proper.

With respect to the second issue, the evidence submitted to the arbitrator was conflicting. Although the petitioner saw several doctors in connection with the treatment of his injury, he saw two physicians specifically for the purpose of evaluation. Dr. Samual D. Willens, a specialist in orthopedic surgery, was a witness for the petitioner. He diagnosed petitioner's injury as "degenerated L-4, 5 disc with some mild degenerative changes." The respondent's

physician, Dr. Audley Loughran, also an orthopedic surgeon, reached an essentially consistent conclusion with respect to this diagnosis: "degenerative disc disease and degenerative arthritis of the lumbar spine." There is, thus, no question that the petitioner was injured while at work or as to the nature of his injuries. The two expert witnesses do disagree, however, with respect to the degree of disability resulting from petitioner's injuries.

Dr. Willens testified that in his opinion, petitioner's condition was permanent. When asked to give his opinion as to the type of work the petitioner could do, he responded:

> "He could do very limited work. He could not sit or stand for any period of time. His sitting would be limited to twenty to thirty minutes with the back of this type. No lifting, no heavy work. Something very light. *** He can walk ten to fifteen minutes at a time. No more than a block without experiencing discomfort."

When the respondent's physician, Dr. Loughran, was asked whether or not petitioner could work at some sort of employment, he responded:

> "I think that as of July, 1977 I felt he could do some work, that is, drive a truck. I would basically put perhaps some weight lifting restriction because of the history of back problems and sciatica. *** I would say not to lift over 50 or 75 pounds. *** I think he could drive [a truck]. He could probably sit for long periods of time, probably four, six hours at a time. *** I would say most probably he could walk about, I am sure without any difficulty, eight blocks, eight city blocks."

Although on cross-examination, Dr. Loughran testified that it might be painful and more difficult for a person with such back injuries to drive a flatbed steel truck, he did not indicate that petitioner would be unable to drive any kind of truck. Nor did petitioner's examining physician, Dr. Willens, testify that he was wholly unable to work.

This court has held that an employee is totally and

permanently disabled within the meaning of the Workmen's Compensation Act when he is unable to make some contribution to industry sufficient to justify payment to him of wages. (*Interlake Steel Corp. v. Industrial Com.* (1975), 60 Ill. 2d 255, 259; *Cebulski v. Industrial Com.* (1971), 48 Ill. 2d 289, 293.) A person is totally disabled when he cannot perform any services except those which are so limited in quantity, dependability or quality that there is no reasonably stable market for them. (*Interlake Steel Corp. v. Industrial Com.* (1975), 60 Ill. 2d 255, 259; *South Import Motors, Inc. v. Industrial Com.* (1972), 52 Ill. 2d 485, 489.) If an employee can take up some form of employment of the nature indicated in these cases without seriously endangering his health or life, he is not entitled to total and permanent disability compensation. *A.M.T.C. of Illinois, Inc. v. Industrial Com.* (1979), 77 Ill. 2d 482, 488; *Jefferson Electric Co. v. Industrial Com.* (1976), 64 Ill. 2d 85, 92-93.

The determination of the degree of disability is a question of fact to be resolved by the Industrial Commission. Where, as in this case, there are conflicting medical opinions on the question of the degree of disability, the determination of the Commission should not be set aside on review unless against the manifest weight of the evidence. *Interlake Steel Corp. v. Industrial Com.* (1975), 60 Ill. 2d 255, 260; *City of Chicago v. Industrial Com.* (1974), 59 Ill. 2d 284, 288.

In this case the Commission concluded that the petitioner had not sustained his burden of proving that he was totally and permanently disabled within the meaning of the Workmen's Compensation Act. While the expert witnesses disagreed with respect to the amount of activity of which petitioner is now capable, a finding by the Commission of 60% permanent disability is not against the manifest weight of the evidence. Accordingly, we affirm the decision of the circuit court of Cook County.

*Judgment affirmed.*