FORT DEARBORN CARTAGE COMPANY *ex rel.* CHUBB & SON, INC.,
Plaintiff-Appellant, v. ROOKS TRANSFER COMPANY, Defendant-Appellee.

First District (2nd Division)   No. 84—2868

Opinion filed September 10, 1985.

Sweeney & Riman, Ltd., of Chicago (Mary Jo Connelly and Georgene M. Wilson, of counsel), for appellant.

Law Offices of Thomas J. Keevers, of Chicago (Kenneth A. Latronico, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

In an action brought by plaintiff "loaning" employer to recover from defendant "borrowing" employer amounts paid to an injured employee under section 1(a)(4) of the Illinois Workers' Compensation Act (Act) (Ill. Rev. Stat. 1983, ch. 48, par. 138.1(a)(4)), the circuit court entered summary judgment in defendant's favor, from which plaintiff appeals, questioning whether the contract between plaintiff and defendant relieved defendant of reimbursement liability under the Act.

On April 11, 1971, plaintiff and defendant entered into a written contract whereby, among other things, plaintiff cartage company agreed to provide to defendant carrier certain freight-handling and delivery services, and to maintain sufficient personnel and equipment to provide such services.

On July 20, 1977, David Natalino, a truck driver employed by

plaintiff, was injured in the course of his employment. Natalino subsequently filed a claim under the Act, naming both plaintiff and defendant as respondents. On October 18, 1977, the workmen's compensation arbitrator entered a decision awarding certain sums to Natalino, and finding that plaintiff was the loaning employer and defendant the borrowing employer under section 1(a)(4) of the Act. (Ill. Rev. Stat. 1983, ch. 48, par. 138.1(a)(4).) The decision expressly noted that it did not address the issues of contribution, reimbursement, or indemnification as between the employers. The arbitrator's decision was affirmed on review by the Industrial Commission on November 1, 1978.

After plaintiff paid Natalino benefits in the amount of $9,991.86, it initiated the instant action, seeking reimbursement of these benefits, together with costs and attorney fees. Plaintiff's motion for summary judgment was denied on February 1, 1983. Defendant's motion for summary judgment, filed on August 2, 1984, was granted on October 24, 1984. The instant appeal ensued.

Plaintiff contends that the circuit court erred by determining, as a matter of law, that the contract at issue indemnified defendant from reimbursement liability under the Act.

■ The parties agree that the instant dispute turns on the interpretation accorded section 1(a)(4) of the Act, which provides, in pertinent part (Ill. Rev. Stat. 1983, ch. 48, par. 138.1(a)(4)):

"Where an employer operating under and subject to the provisions of this Act loans an employee to another such employer and such loaned employee sustains a compensable accidental injury in the employment of such borrowing employer and where such borrowing employer does not provide or pay the benefits or payments due such injured employee, such loaning employer is liable to provide or pay all benefits or payments due such employee under this Act and as to such employee the liability of such loaning and borrowing employers is joint and several, provided that such loaning employer is in the absence of agreement to the contrary entitled to receive from such borrowing employer full reimbursement for all sums paid or incurred pursuant to this paragraph together with reasonable attorneys' fees and expenses in any hearings before the Industrial Commission or in any action to secure such reimbursement."

Thus, with respect to an injured employee, the liability of the loaning and borrowing employers is joint and several; as between employers, the borrowing employer is primarily liable and the loaning employer secondarily liable, the latter being required to pay only when the borrowing employer fails to do so, and is then entitled to reimbursement

from the borrowing employer. (*Chicago's Finest Workers Co. v. Industrial Com.* (1975), 61 Ill. 2d 340, 343-45, 335 N.E.2d 434; see also *A.J. Johnson Paving Co. v. Industrial Com.* (1980), 82 Ill. 2d 341, 350, 412 N.E.2d 477; *M.W.M. Trucking Co. v. Industrial Com.* (1976), 62 Ill. 2d 245, 260, 342 N.E.2d 17.) The loaning employer's right to reimbursement, however, may be waived by an agreement between the respective employers. *Albert Mojonnier, Inc. v. Industrial Com.* (1968), 41 Ill. 2d 128, 133, 242 N.E.2d 184; *Lachona v. Industrial Com.* (1981), 87 Ill. 2d 208, 213, 429 N.E.2d 858.

In the contract between plaintiff and defendant here, plaintiff agreed: "To protect, save harmless and indemnify Carrier [defendant] from and against all loss, damages, costs and expenses that may be suffered or incurred by Carrier or any other person, on account of (1) Injury to or death of persons *** caused by or resulting in any manner from any acts or omissions, negligence [*sic*] or otherwise, of the Cartage Company [plaintiff], or any of the Cartage Company's agents, servants or employees, in performing or failing to perform any of the services or duties on the part of the Cartage Company to be performed as herein provided ***." Plaintiff urges that the circuit court erred by determining that this general language sufficed to indemnify defendant from liability under the circumstances of this case. We disagree.

■ First, plaintiff argues that the agreement did not specify that liability under the Act was being shifted, relying upon *Lachona v. Industrial Com.* (1981), 87 Ill. 2d 208, 429 N.E.2d 858, and *Albert Mojonnier, Inc. v. Industrial Com.* (1968), 41 Ill. 2d 128, 242 N.E.2d 184. Neither of these cases, however, suggested that an "agreement to the contrary," within the meaning of the Act, must expressly refer to the Act in order to be effective, as plaintiff urges. Although the agreement held to be binding in *Lachona v. Industrial Com.* (1981), 87 Ill. 2d 208, 429 N.E.2d 858, specified the Act, the supreme court did not require such specificity. In *Albert Mojonnier, Inc. v. Industrial Com.* (1968), 41 Ill. 2d 128, 242 N.E.2d 184, the supreme court rejected an argument that an advertising circular promoting the loaning employer's insurance coverage and bonding structure constituted an effective "agreement"; the court did not indicate what degree of particularity would be needed to properly waive the reimbursement requirement. The cited cases, therefore, are not dispositive here.

■ Plaintiff also maintains that a valid indemnification agreement must express clearly and unequivocally the parties' intent to indemnify one of them from his own or his servant's negligence. (See *Westinghouse Electric Elevator Co. v. La Salle Monroe Building*

*Corp.* (1946), 395 Ill. 429, 433, 70 N.E.2d 604; *Higgins v. Kleronomos* (1984), 121 Ill. App. 3d 316, 320, 459 N.E.2d 1048.) Here, as the circuit court found, no question was raised as to the negligence of plaintiff, defendant, or the injured employee, Natalino. Moreover, the contract at issue, rather than indemnifying defendant from its *own* negligence—which would have required clear and unequivocal language—seeks instead to indemnify defendant from *plaintiff's* negligence. Plaintiff's argument is thus misplaced.

■■ ■ An indemnification agreement is to be construed like any other contract, with the court giving effect to the intention of the parties as determined from the language of the agreement, if no ambiguity exists. (*Higgins v. Kleronomos* (1984), 121 Ill. App. 3d 316, 319, 459 N.E.2d 1048. See also *Farwell Construction Co. v. Ticktin* (1980), 84 Ill. App. 3d 791, 796, 405 N.E.2d 1051.) In relevant part, the agreement here required plaintiff to indemnify defendant "from and against all loss, damages, costs and expenses" incurred on account of personal injury resulting from "any acts or omissions" on the part of plaintiff's employees providing services under the contract. The agreement thus appears unequivocally to cover defendant's liability arising from the injuries sustained by plaintiff's employee Natalino during the course of his employment. The circuit court correctly held that plaintiff was not entitled to reimbursement from defendant by reason of this agreement.

■■ Plaintiff nevertheless insists that the instant agreement was inapplicable because Natalino was not an employee of plaintiff at the time he was injured; Natalino, a "borrowed" employee wholly subject to the control and supervision of defendant, was, in effect, defendant's employee when injured. See *Freeman v. Augustine's, Inc.* (1977), 46 Ill. App. 2d 230, 360 N.E.2d 1245.

Plaintiff's contentions must be rejected. The instant contract expressly provided that plaintiff "shall employ all persons who shall perform all or any part of the services herein provided to be performed by the Cartage Company [plaintiff], *and such persons be and remain the employees of the Cartage Company,* *** any other provision of this contract to the contrary notwithstanding." (Emphasis added.) Natalino, while a "borrowed" employee, was performing services on plaintiff's behalf pursuant to the contract when injured. By the contract's own terms, therefore, Natalino remained plaintiff's employee while performing services for defendant; accordingly, the indemnification clause sufficed to shift liability to plaintiff. The circuit court, which may properly resolve as matters of law questions concerning the construction, interpretation, and legal effect of a contract, properly en-

tered summary judgment in defendant's favor. See *Illinois Valley Asphalt, Inc. v. La Salle National Bank* (1977), 54 Ill. App. 3d 317, 319-20, 369 N.E.2d 525.

We therefore affirm the judgment of the circuit court of Cook County.

Affirmed.

STAMOS, P.J., and BILANDIC, J., concur.