SECOND DIVISION
June 26, 2007

No. 1-06-1994

| | | |
|---|---|---|
| SURESTAFF, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| v. | ) | |
| | ) | |
| AZTECA FOODS, INC., | ) | Honorable |
| | ) | John B. Grogan, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE SOUTH delivered the opinion of the court:

Plaintiff, Surestaff, Inc. (Surestaff), appeals from an order of the circuit court of Cook County which entered judgment on a jury verdict in favor of defendant, Azteca Foods, Inc. (Azteca). By special interrogatory, the jury found that the parties had agreed Surestaff would provide workers' compensation benefits for its loaned employees who were injured at Azteca's jobsites.

This appeal arises from the following facts: On February 20, 2003, Rodrigo Mina's hand was crushed while he was trying to remove tortillas from a conveyor belt at Azteca's plant in Chicago. At the time of the accident, Mina was employed by Surestaff, a temporary employment agency, which provided labor to Azteca pursuant to an oral agreement. It was undisputed that under the Workers' Compensation Act (Act) (820 ILCS 305/1(a)(4) (West 2004)), Surestaff was the "loaning employer," and Azteca was the "borrowing employer." It was further undisputed that Mina's injuries were a compensable injury under the Act, and Surestaff paid the benefits. Surestaff later filed suit pursuant to section 1(a)(4) of the Act seeking reimbursement from Azteca

on the basis that it was primarily liable as the borrowing employer. Azteca responded by raising the affirmative defense, which is contained in the same section of the Act, that an "agreement to the contrary" had been entered into by the parties in that Surestaff orally agreed to be responsible for the workers' compensation coverage for the temporary workers which it provided.

The sole issue at trial was whether Azteca could establish the existence of an "agreement to the contrary" by which Surestaff's right to reimbursement had been waived. The parties disagreed as to how to phrase the affirmative defense in the jury instructions and the special interrogatory. Over Surestaff's objection, the following nonpattern jury instruction was provided, which reads in relevant part:

> "In this case the defendant has asserted the affirmative defense that Surestaff and Azteca Foods, Inc. made an agreement that Surestaff would pay workers' compensation benefits to injured workers entitled to benefits that were loaned by Surestaff, Inc. to Azteca Foods, Inc. The defendant has the burden of proving this affirmative defense."

The jury returned a verdict in favor of Azteca and found by special interrogatory that the parties had agreed Surestaff would provide workers' compensation benefits for its loaned employees injured at Azteca's jobsites.

On appeal, Surestaff is requesting that the matter be remanded for a new trial because the trial court misinterpreted section 1(a)(4) of the Act, which led to the issuance of incorrect jury instructions and a special interrogatory. Surestaff argues that the jury should have determined the

factual issue of whether there was an "agreement to the contrary" as opposed to the trial court's instruction that if the jury found the parties had entered into an agreement that Surestaff would pay the workers' compensation benefits to its loaned employees, then Azteca had proven its affirmative defense. Surestaff contends that the trial court should have instructed the jury that in order to avoid liability, Azteca had to prove:

> "Surestaff, in contracting with the defendant, has made an
>
> agreement to the contrary, agreeing to waive its right to
>
> reimbursement from Azteca for any workers compensation benefits
>
> paid out by Surestaff."

The determination of proper jury instructions rests with the sound discretion of the trial court, and as a court of review we will not disturb such a determination absent a clear abuse of discretion. Stift v. Lizzadro, 362 Ill. App. 3d 1019, 1025-26 (2005). Nonpattern jury instructions must be impartial statements of law that are simple, brief, and free from argument. Lewis v. Jones, 157 Ill. App. 3d 327, 332 (1987). A new trial will be granted based on a trial court's refusal to provide a suggested jury instruction only when the refusal amounts to a serious prejudice to a party's right to a fair trial. Stift, 362 Ill. App. 3d at 1026.

As to statutory interpretation, it is well established that a court looks to the words of a statute, and if the statutory language is clear, it must be given effect without utilizing other tools of interpretation. County of Knox ex rel. Masterson v. The Highlands, L.L.C., 188 Ill. 2d 546, 556 (1999). Section 1(a)(4) of the Act provides, in relevant part:

> "Where an employer operating under and subject to the

provisions of this Act loans an employee to another such employer and such loaned employee sustains a compensable accidental injury in the employment of such borrowing employer and where such borrowing employer does not provide or pay the benefits or payments due such injured employee, such loaning employer is liable to provide or pay all benefits or payments due such injured employee under this Act and as to such employee the liability of such loaning and borrowing employers is joint and several, *provided that such loaning employer is in the absence of agreement to the contrary* entitled to receive from such borrowing employer full reimbursement for all sums paid or incurred pursuant to this paragraph together with reasonable attorneys' fees and expenses \*\*\* ." (Emphasis added.) 820 ILCS 305/1(a)(4) (West 2004).

We interpreted this section of the Act in Chaney v. Yetter Manufacturing Co., 315 Ill. App. 3d 823 (2000), and explained that "with respect to an injured employee, the liability of the loaning and borrowing employers is joint and several; as between employers, the borrowing employer is primarily liable and the loaning employer [is] secondarily liable, the latter being required to pay only when the borrowing employer fails to do so, and is then entitled to reimbursement from the borrowing employer." Chaney, 315 Ill. App. 3d at 826-27. We further explained that "[t]he loaning employer's right to reimbursement, however, *may be waived by an*

*agreement between the respective employers*." (Emphasis added.) <u>Chaney</u>, 315 Ill. App. 3d at 827; see also <u>Corrugated Metals, Inc. v. Industrial Commission</u>, 184 Ill. App. 3d 549, 554 (1989) (where the appellate court found that under the Workers' Compensation Act the right of the loaning employer to be reimbursed by the borrowing employer may be waived by an agreement between the employers).

In <u>Fort Dearborn Cartage Co. ex rel. Chubb & Son, Inc. v. Rooks Transfer Co.</u>, 136 Ill. App. 3d 371 (1985), the plaintiff, a loaning employer, brought an action against the defendant, a borrowing employer, seeking to recover amounts paid to a worker's compensation claimant. <u>Fort Dearborn</u>, 136 Ill. App. 3d at 374. The trial court entered summary judgment in the borrowing employer's favor based upon a contract between the parties which provided, in relevant part, that the loaning employer would indemnify the borrowing employer against all damages and loss on account of injury of any of its loaned employees in performing any of the services or duties, as provided in the contract. <u>Fort Dearborn</u>, 136 Ill. App. 3d at 374. We rejected the loaning employer's claim that because the agreement did not specify that liability under the Act was being shifted, it did not constitute a waiver of its right to reimbursement. <u>Fort Dearborn</u>, 136 Ill. App. 3d at 374.

The loaning employer in <u>Fort Dearborn</u> cited <u>Lachona v. Industrial Comm'n</u>, 87 Ill. 2d 208 (1981), and <u>Albert Mojonnier, Inc. v. Industrial Comm'n</u>, 41 Ill. 2d 128 (1968) for the proposition that an agreement to the contrary, within the meaning of the Act, must expressly refer to the Act in order to be effective. <u>Fort Dearborn</u>, 136 Ill. App. 3d at 374. We rejected this argument because while the agreement which was held to be binding in <u>Lachona</u> did specify the

1-06-1994

Act, the supreme court does not require such specificity. Fort Dearborn, 136 Ill. App. 3d at 374. We further recognized that while the supreme court in Mojonnier disagreed with the borrowing employer's argument that an advertising circular promoting the loaning employer's insurance coverage and bonding structure constituted an effective agreement, the court did not indicate what degree of particularity would be needed to properly waive the reimbursement requirement. Fort Dearborn, 136 Ill. App. 3d at 374. We ultimately affirmed the trial court after concluding that the loaning employer was not entitled to reimbursement from the borrowing employer because the agreement indemnified the borrowing employer. Fort Dearborn, 136 Ill. App. 3d at 376.

Turning to the instant case, we find that the trial court properly instructed the jury that an "agreement to the contrary" constituted an agreement by which Surestaff agreed to pay workers' compensation benefits to injured workers who were entitled to benefits that it loaned out to Azteca. The trial court's instructions were consistent with the previously cited cases, and we find no basis to conclude that the parties were required to refer to the Act or any specific language contained therein in order for the jury to find there was an agreement to the contrary. The case law and a plain reading of the statute support the trial court's conclusion that if there was an oral agreement whereby Surestaff agreed to pay the workers' compensation benefits for its loaned employees, then there was an "agreement to the contrary," which waived its right to reimbursement as a matter of law. A specific reference in the parties' agreement to the Act or the phrase "waiver of the right to reimbursement " would be ideal for determining intent, but it is not required in order for a trier of fact to determine whether there was an agreement to the contrary.

- 6 -

1-06-1994

For these reasons, we find the trial court did not err in its application of section 1(a)(4) of the Act.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HOFFMAN and HALL, JJ., concur.